IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS SANDOVAL, #39494-177 169844, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL CASE NO. 3:15-CV-3760-M-BK |
| UNITED STATES OF AMERICA, and WARDEN L. SANDERS, | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the petition should be summarily dismissed for want of jurisdiction.

**I. BACKGROUND**

Defendant pled guilty to conspiracy to commit bank robbery and two counts of using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, and was sentenced to 480 months' imprisonment and a one-year term of supervised release. *United States v. Sandoval*, 3:09-CR-320-M-2 (N.D. Tex. 2013). He filed no direct appeal and unsuccessfully sought relief under 28 U.S.C. § 2255. *See Sandoval v. United States*, No. 3:14-CV-1830-M-BK (N.D. Tex. Jul. 15, 2015) (accepting recommendation (3:14-CV-1830; Doc. 9) and denying section 2255 motion on merits), *appeal dismissed as untimely*, No. 15-10970 (5th Cir. Jan. 22, 2016) (3:14-CV-1830; Doc. 20).

In this section 2241 petition, Petitioner again seeks to challenge his conviction, raising new grounds for relief. Specifically, he asserts counsel misrepresented the relevant facts, withheld information that would have shown Petitioner's innocence, deceived him into signing the plea agreement, and coerced him into pleading guilty. Doc. 3 at 2-3.

## II. ANALYSIS

A motion under 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)). Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (*per curiam*).[1]

Here, Petitioner does not allege that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention. "Only the custodial court, however, has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the

---

[1] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added).

savings clause of § 2255." *Padilla*, 416 F.3d at 426. Because Petitioner is incarcerated at the Federal Medical Center in Springfield, Missouri, this Court lacks jurisdiction to determine whether he may proceed under section 2241. Therefore, insofar as he requests relief under the savings clause of section 2255, his section 2241 should be dismissed without prejudice.

Even liberally construing Petitioner's section 2241 petition as a section 2255 motion, the Court lacks jurisdiction to review the same. The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*) (petitioner "must make a prima facie showing that his motion satisfies this standard").

That notwithstanding, before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

In the instant case, the Court of Appeals has not issued an order authorizing the Court to

consider the successive section 2255 motion.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his section 2241 petition, if construed as a section 2255 motion, should be dismissed without prejudice for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that, the petition for writ of habeas corpus under 28 U.S.C. § 2241 be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.  Alternatively, if the Court construes the section 2241 petition as a successive 28 U.S.C. § 2255 motion, it should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.  *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).

SIGNED April 25, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE