IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JESUS SANDOVAL, §
              Plaintiff, §
      §
      §
v. §      **3:15-CV-03760-M-BK**
      §
UNITED STATE OF AMERICA et al., §
          Defendants. §
      §

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

     The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. No objections were filed. The District Court reviewed the proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate.

     IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. Alternatively, liberally construing the section 2241 petition as a successive 28 U.S.C. § 2255 motion, it is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).

     The Court prospectively **CERTIFIES** that any appeal of the order dismissing the section 2241 habeas petition would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Findings and Recommendation, the Court finds

that any appeal of this action would present no legal point of arguable merit and would,

therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[1] In the event of an

appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma*

*pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See*

*Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

   Additionally, insofar as Petitioner appeals the dismissal of the section 2241 petition,

construed as a successive section 2255 motion, the Court prospectively **DENIES** a certificate of

appealability.  Considering the record in this case and pursuant to Federal Rule of Appellate

Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the

United States District Court, and 28 U.S.C. § 2253(c), the Court adopts and incorporates by

reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case

in support of its finding that the petitioner has failed to show (1) that reasonable jurists would

find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial

of a constitutional right" and "debatable whether [this Court] was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order.  A timely notice
of appeal must be filed even if the district court certifies an appeal as not taken in good faith.
[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:

   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of
   appealability when it enters a final order adverse to the applicant. Before entering the
   final order, the court may direct the parties to submit arguments on whether a certificate
   should issue. If the court issues a certificate, the court must state the specific issue or
   issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a
   certificate, the parties may not appeal the denial but may seek a certificate from the court
   of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial
   does not extend the time to appeal.

SO ORDERED this _23_ day of May, 2016.


BARBARA M. G. LYNN
CHIEF JUDGE

---

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal
an order entered under these rules. A timely notice of appeal must be filed even if the
district court issues a certificate of appealability.